THE STATE, DEFENDANT IN ERROR, v. MARY LIONETTI, PLAINTIFF IN ERROR.

Submitted March 20, 1919—Decided June 4, 1919.

A married woman is justified in using such force in the defence of her husband as reasonably appeared to her in the heat of the trouble to be necessary to preserve the husband's life or to protect him from serious bodily harm.

---

On error to Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Pierre P. Garven.*

The opinion of the court was delivered by

SWAYZE, J.    The defendant was convicted of manslaughter.

The essential facts are as follows:    She thought a man named Vanderveer was looking at her in an improper way and complained to her husband. He crossed the street and engaged in a controversy with Vanderveer, which resulted in a fight. The defendant says that Vanderveer got her husband around the neck; she went to his assistance with a club, struck Vanderveer and killed him.

The substantial defence was that she was *acting in defence* of her husband.

The trial judge correctly limited her rights to those which the husband himself had, but he stated the husband's rights too narrowly.    He charged that the jury had to consider not what she or her husband thought, but what the jurors found to be the fact, and put the specific questions: Was the husband in serious bodily danger? Was he in danger of his life? Or was he in danger of serious bodily injury to himself?    The judge then added: Was her husband in such serious danger, in dire peril, at that time, or in danger of receiving serious bodily injuries, that it justified her in taking this club and using it as she did? He then charged specifically that "if he were not in serious danger of dire peril or serious bodily danger, she had no right to do that; she had no right to use any kind of an instrument or club on this deceased, if her husband were not in that condition at that time; she had no right to do it, if her husband could with safety have retreated at that moment; and if her husband could have retreated at that moment without being in dire

peril or without being in danger of serious bodily injury to himself, and if she then used that club, she should be found guilty under the law."

The vice in the charge is that it leaves out of account a situation where the husband was not in fact in serious danger as the jury, in the deliberation of the trial upon evidence of all the circumstances, might find, but where the force used in defence *reasonably appeared* in the heat of the trouble to be necessary to preserve the husband's life or to protect him from serious bodily harm. *State* v. *Bonofiglio*, 67 *N. J. L.* 239; *State* v. *Mount*, 73 *Id.* 582. The error was not cured by the court later in the charge telling the jury that the defendant had the right to protect her husband if they found that the facts justified her in *believing* that he was in dire peril or in danger of serious bodily harm. The two passages in the charge are inconsistent and we cannot know by which the jury was guided. This error requires a reversal.

We think it well also to call attention to two other slips in order that on the retrial they may be avoided:

(1) In stating the duty of the husband to retreat, the judge at one point of the charge omitted the necessary qualification that he might retreat with safety. *State* v. *di Maria*, 88 *N. J. L.* 416. He was probably misled by the headnote in that case; the law is correctly stated in the opinion.

(2) The judge stated as a fact that the husband was the aggressor, and charged that he who sets up the law of self-defence cannot be the aggressor and take advantage of the law of self-defence. This question of fact should have been left to the jury. The judge finally did so, but only after having made the statement we have paraphrased.

Let the judgment be reversed and the record remitted for a new trial.