208 N.J. Super. 480 (1986)
506 A.2d 366
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN HOLMES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1985.
Decided February 28, 1986.
*482 Before Judges MICHELS, GAULKIN and STERN.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Virginia C. Saunders, Assistant Deputy Public Defender, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Linda L. Yoder, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.S.C., (temporarily assigned)
Following trial by jury defendant was convicted of second degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(1) (count one); third degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(2) (count two); possession of a weapon, specifically a billy or nightstick, with a purpose to use it unlawfully against the person of another, contrary to N.J.S.A. 2C:39-4d (count three), and possession of the same weapon without any explainable lawful purpose, contrary to N.J.S.A. 2C:39-3e (count four). The court merged counts two, three and four into count one and sentenced defendant to the custody of the *483 Commissioner of Corrections for five years with one-fourth of that time to be served before parole eligibility. The court also imposed a $500 penalty for the benefit of the Violent Crimes Compensation Board.
Defendant appeals and argues:
POINT I THE COURT'S EXCESSIVE INTERVENTION DEPRIVED DEFENDANT OF A FAIR TRIAL. (Partially Raised Below)
A. The Court's Conduct Toward Defense Counsel Created Such An Air of Disdain For Defendant's Case, It Deprived Defendant of Effective Assistance of Counsel And Denied Him A Fair Trial.
B. The Court's Repeated Interference With Defense Counsel's Cross-Examination Of The State's Witnesses Frustrated The Development Of Defendant's Case, Depriving Him Of A Fair Trial.
C. The Trial Judge's Questioning Of The State's Witnesses After The Completion Of Their Testimony Was Prejudicial To Defendant Since It Stressed Testimony Adverse To Defendant And Usurped The Prosecutional [sic] Function By Rehabilitating Witnesses. (Partially Raised Below).
POINT II THE COURT'S INSTRUCTIONS REGARDING THE JUSTIFICATION OF DEFENSE OF A THIRD PARTY ON BURDEN OF PROOF AND PROVOCATION, AND ITS FAILURE TO CHARGE MISTAKE OF FACT, ALONG WITH ITS INCORRECT CHARGE ON SERIOUS BODILY INJURY WERE SO ERRONEOUS AND MISLEADING THAT JOHN HOLMES WAS DENIED A FAIR TRIAL. (Partially Raised Below).
A. The Burden of Proof On Defense Of Another Was Impermissibly Shifted To Defendant. (Plain Error).
B. The Court's Charge That The Defense of Another Was Unavailable To Defendant If Either He Or His Brother Provoked The Attack Was Erroneous. (Raised Below).
C. The Trial Court Should Have Charged The Jury On The Mistake Of Fact Doctrine Instead Of On Provocation. (Plain Error).
D. The Court's Definition Of "Serious Bodily Injury" Was Erroneous And Prejudiced Defendant's Chances For A Fair Trial. (Raised Below).
POINT III THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A MISTRIAL BASED ON THE STATE'S FAILURE TO SUPPLY DEFENDANT WITH THE EXCULPATORY NEGATIVE IDENTIFICATION.
Various objections are addressed to the charge relating to defense of another. Defendant raised some of the objections immediately following the charge, and we must consider them in that context. See R. 2:10-2. Defendant complains that the instruction improperly advised the jury that the defense was *484 unavailable if either defendant or his brother provoked the attack. The court, in its instructions, said the following:
Now, the defendant in this case, in addition to his general denial of guilt, contends that his use of force was legally justified for the protection of another person, that is, his brother, Daryl.
Under our criminal law, the use of force to protect another is a defense to certain crimes under certain circumstances. Basically, the use of protective force is justified when a defendant reasonably believes that such force is immediately necessary for the purpose of protecting a third party against the use of unlawful force by another person in the incident at hand.
Use of force to protect another has certain statutory limitations. A defendant cannot use deadly force unless the defendant reasonably believes that deadly force is necessary to protect against death or serious bodily injury to the third person he claims to be protecting.
* * * * * * * *
Also, it is not justified if the third person, or the defendant, provoked the initial use of force against the third party that he is protecting in the incident at hand.
In other words, if the defendant, himself, or the third person provoked, that is, caused the use of force against the third person, then they cannot claim  the defendant cannot claim that he is using force to protect the third person.
Further, the defendant can use only such force under the circumstances that the defendant reasonably believes the third party would be justified in using to protect himself; and the defendant further reasonably believes that his intervention is necessary for the protection of that third person at that time.
If you are satisfied that the defendant was justified in using protective force and to the nature and degree of the force that he did use to protect his brother from Frank DeLuca at that time and place, you must find the defendant not guilty of all the counts of this indictment.
Now, although the defense of another is raised by the defendant, the State, nevertheless, has the burden of disproving that defense beyond a reasonable doubt as the State has the burden of proving the defendant's guilt beyond a reasonable doubt.
The court subsequently told the jury to consider whether defendant or his brother "under the total circumstances here, provoke[d] any unlawful use of force by Frank DeLuca on his part", and whether defendant overreacted "to a situation that he and his brother may have brought upon themselves."

I
N.J.S.A. 2C:3-5a(1) permits the defense of use of force for the protection of others when the actor would be justified in *485 using such force to protect himself. Under N.J.S.A. 2C:3-4b(2)(a) the use of "deadly force" is not justifiable if "[t]he actor, with the purpose of causing death or serious bodily harm, provoked the use of force against himself in the same encounter." "Deadly force" and "serious bodily injury" are defined in N.J.S.A. 2C:3-11. See also N.J.S.A. 2C:11-1b.
Defendant contends that even if his brother had provoked the use of force, defendant was justified in using "deadly force" to protect his brother if he did not know that his brother was the aggressor and if he reasonably believed that "deadly force" was necessary for his brother's protection. Defendant complains that the jury was not so advised.
In this case, an encounter developed between defendant and his brother and security guards in a Two Guys store in Union. Defendant claimed that he and his brother returned to their car, that the brother left the car to return to the scene of a "commotion" and that shortly thereafter he observed a man in plain clothes, whom he did not then know to be a security officer, holding his brother's hands behind his back while another also in street clothes was punching him. According to defendant, the uniformed guard was not then involved. Thus, under defendant's version (which was substantially different from the State's proofs) defendant did not know how the episode which led to the altercation actually began.
The principal issue to be determined is whether the "provocation" limitation embodied in N.J.S.A. 2C:3-4b(2)(a) applies with respect to the use of force for protection of other persons in the absence of proof that the defendant knew of the provocation. It is true, as the State contends, that N.J.S.A. 2C:3-5a(1) incorporates N.J.S.A. 2C:3-4, that the defense afforded by N.J.S.A. 2C:3-5a is literally applicable only where the defendant would be justified in using force to protect himself under N.J.S.A. 2C:3-4, and that defendant would not be justified in using "deadly force" if he were the aggressor. However, read as a whole, N.J.S.A. 2C:3-5a provides a justification *486 for protection of a third person when the actor: (1) reasonably believes that force is necessary to protect the other; (2) reasonably believes that his intervention is necessary for that protection, and (3) uses only that degree of force appropriate to protect the person he believes to be threatened. See State v. Moore, 178 N.J. Super. 417, 425-426 (App.Div. 1981), certif. den. 87 N.J. 406 (1981) (objective "reasonable man" test). A defendant can act reasonably to protect another who he believes is in need of protection when he comes upon a scene unaware of the "provocation" caused by the person he endeavors to protect. Under defendant's version Holmes would have been unaware of any provocation by his borther as the brother left defendant in his car. By the time defendant arrived at the scene of the encounter, the brother was already involved in the scuffle and was being assaulted by others.
As stated in the commentary to the draft of section 2C:3-5 of the Code of Criminal Justice:
To be protected, Section 2C:3-5a sets forth three elements as to which this belief must exist: (1) If the attack were upon the intervenor he would have the right to act in his own defense under § 2C:3-4 and using only the amount of force permitted by § 2C:3-4. (2) The person whom he is protecting could act in his own defense. (3) The necessity of his acting. This is in accord with New Jersey law which adopts the objective test and requires reasonableness. State v. Fair, supra at 92-92 [sic]; State v. Chiarello, supra at 495; State v. Montague, 55 N.J. 387 (1970). The intervenor might well be protected even though the person on whose behalf he acts could not, in fact, use self-defense. State v. Montague, supra. [II Final Report of N.J. Law Revision Comm'n, 87-88 (1971)].
See also State v. Fair, 45 N.J. 77, 90-93 (1965); State v. Chiarello, 69 N.J. Super. 479, 490-495 (App.Div. 1961), certif. den. 36 N.J. 301 (1962). While N.J.S.A. 2C:3-4 and 2C:3-5, as adopted, added an express "reasonableness" component, we are satisfied that the Code embodied the intent of the drafters as indicated above. We conclude that N.J.S.A. 2C:3-5a(1) embodies the "provocation" limitation in N.J.S.A. 2C:3-4b(2). However, we believe that that limitation must be understood in light of the "reasonableness" component relating to the actor's belief that the third person was threatened, that intervention was *487 necessary and that the force used was justified. As stated in State v. Fair, supra, 45 N.J. at 91-93:
The right to use deadly force was not absolute at common law; the defender only had a privilege to use reasonable force to prevent the commission of the felony or to protect the member of his household who was endangered. Perkins, Criminal Law 881 (1957). The codification of those privileges did not change this result, as indicated by the judicial limitations which have been placed on the defense of self-defense, wherein it is settled that to give rise to the right of self-defense the defendant must act under a reasonable belief that he is in imminent danger of bodily harm, see State v. Hipplewith, 33 N.J. 300, 317 [164 A.2d 481] (1960); 1 Wharton, Criminal Law and Procedure, § 214, pp. 466-467 (1957); Perkins, supra, pp. 884-885, and the privilege is limited to the utilization of that amount of force which the defender reasonably believed necessary to overcome the risk of harm. [citations omitted].
* * * * * * * *
There are, however, two approaches as to the scope of the right of one person to intervene in defense of another. One is that the fault of the defended party is imputed to the one who intervenes on his behalf, while the other is that the intervening party is bound only by his own intent. The former, commonly referred to as the "alter ego" rule, emphasizes that the right of one person to defend another is co-extensive with the right of the other to defend himself. The latter, categorized as the "objective test" theory, proceeds on the thesis that one who intervenes in a struggle under a reasonable but mistaken belief that he is protecting another who he assumes is being unlawfully assaulted is thereby exonerated from criminal liability. As stated by Bishop (1 Bishop, Criminal Law, § 303, p. 204 (9th ed. 1923):
`What is absolute truth no man ordinarily knows. All act from what appears, not from what is. If persons were to delay their steps until made sure, beyond every possibility of mistake, that they were right, earthly affairs would cease to move. * * * All, therefore, must, and constantly do, perform what else they would not, through mistake of facts. * * *'
See generally 1 Wharton, supra, § 219; Comment, 20 Wash. & Lee L.Rev. 98 (1963); Comment, 64 W. Va.L.Rev. 342 (1962).
New Jersey has aligned itself with the latter view; the test of whether a party may intervene in defense of a third person being determined by the subjective intent of the intervener, subject only to the qualification that a jury objectively find that he reasonably arrived at the conclusion that the apparent victim was in peril, and that the force he used was necessary. Thus, the so-called `reasonable mistake of fact' doctrine is given its due, both as to the amount of force and the initial lawfulness of the intervention, and precludes criminal liability even though it later appears that the person in whose behalf he intervened was in fact the aggressor or that no defensive measures on his part were actually necessary. State v. Chiarello, supra, 69 N.J. Super., at p. 495; State v. Lionetti, 93 N.J.L. 24, 26 (Sup.Ct. 1919). Such a view has been recommended by the American Law Institute in its Model Penal *488 Code § 3.05 (Tent.Draft No. 8, 1958). The test enunciated in the Chiarello case should, in theory, apply not only to non-fatal crimes committed in defense of a third person, as was the situation in that case, but as well to the killing of any person attempting to commit the felonies or attack the persons enumerated in N.J.S. 2A:113-6.
The defense is founded upon, and strengthened by, persuasive policy considerations. Not only is it just that one should not be convicted of a crime if he selflessly attempts to protect the victim of an apparently unjustified assault, but how else can we encourage bystanders to go to the aid of another who is being subjected to an assault? See Model Penal Code § 3.05, comment (Tent.Draft No. 8, 1958); Comment, supra 20 Wash. & Lee L.Rev., at p. 103; Comment, 12 DePaul L.Rev. 155, 156-157 (1962). [Emphasis added]
We conclude that the Code of Criminal Justice, modeled on the Model Penal Code, continues the standard embodied in Fair.[1] Accordingly, while a defendant must act "reasonably", we reject the suggestion in the State's brief that defendant's lack of knowledge concerning the aggressor is absolutely irrelevant, given the incorporation of N.J.S.A. 2C:3-4 into N.J.S.A. 2C:3-5a(1).

II
Although the burden of disproving self-defense is on the State, there must be enough evidence through the proofs of the defense, if not the State, to support its application, see N.J.S.A. 2C:1-13a, b, d; 2C:3-1. See also State v. Kelly, 97 N.J. 178, 200 (1984); compare State v. Molnar, 81 N.J. 475, 491 (1980); State v. Toscano, 74 N.J. 421, 442-443 (1977); Evid.R. 1(4), 1(5). We need not address here any question concerning the burden *489 of producing evidence as to a defense or limitation relating to a defense where the State must disprove the defense itself. But see State v. Toscano, supra, 74 N.J. at 442[2] Here, the court found sufficient evidence to submit the defense to the jury. Having done so, we must decide whether reversal is required because of the court's failure to make the limitation, as it applied to defendant's brother, expressly subject to the requisite purpose and knowledge. While there was no specific request to charge (see R. 1:8-7) and only a general objection after the instruction with no specific language suggested in connection with a novel and complex aspect of criminal law compare State v. Masino, 94 N.J. 436, 447 (1983),[3] we are guided by the Supreme Court's conclusion in State v. Fair, supra:

*490 The trial judge has a mandatory duty to charge the jury on the fundamental principles of law which control the case, but whether, in the absence of objection, a failure to so charge constitutes plain error is dependent upon the circumstances of the particular case. State v. Butler, 27 N.J. 560, 594-595 (1958). For the reasons hereafter stated we find that the plain error rule has particular merit under the facts in this case based upon the necessity to charge the essential elements of `defense of another.'
* * * * * * * *
Applying these general principles to the facts herein, a jury may well have been justified in finding that Lynn became involved in the affray in order to defend Fair against what appeared to him to be the murderous onslaught of a drunken man wielding a knife. Whether such a mental state existed at all, and if so whether it was reasonably entertained, are necessarily jury questions which cannot be determined by this Court. In any event, this question was so essentially involved in the factual context of this case that the trial court's failure to charge the jury on that issue sua sponte was nothing less than plain error requiring a reversal. [45 N.J. at 90, 93].
In his summation the prosecutor stated:
The defense has asked you to consider the fact that the defendant was trying to protect his brother. The judge will instruct you on the law regarding that. It's important for you to bear in mind that coming to the defense of others is limited to certain reasonable actions.
You're going to have to ask yourselves, does that include taking a night stick and slugging somebody over the head with it while they're already involved in a fight with somebody else?
In essence, it's a cheap shot.
Is that what's included in self-defense, and defense of others?
And you're also going to have to consider how this incident started, who started it. Do you come to the defense of another when that person was the one who initiated the incident?
Even the defendant doesn't say to you the security guard started it. He didn't know, he said. He wasn't there. He didn't say the security guard started it.
Yet, everyone of the security guards remembers that it was started by the defendant and his brother. And not just his brother, either, ladies and gentlemen.
The defendant says he came back after his brother returned, two minutes later. First he went to the car.
Even though defendant indicated that he knew his brother was returning to the scene of the confrontation and encounter, we cannot conclude that the jury found that defendant or *491 his brother was the aggressor or that defendant was aware that his brother provoked an attack.[4] Simply stated, the issue was for the jury, and we cannot conclude that there was harmless error or that the error did not produce an unjust result. See State v. Fair, supra; State v. Butler, 27 N.J. 560, 595 (1958); compare State v. Masino, supra 94 N.J. at 447; State v. Wilbely, 63 N.J. 420, 422 (1973).

III
As the case must be retried we add one additional point. The State has the burden of disproving the claim of self-defense and defense of another. See State v. Kelly, supra, 97 N.J. at 200; State v. Moore, supra 178 N.J. Super. at 426; N.J.S.A. 2C:1-13. Thus, the court should have stated expressly that the limitations on the justification of the use of force at no time shift the burden of proof. While we feel that reversal would not be required on this point given the charge as a whole, we nevertheless suggest that a paraphrasing of language from State v. Kelly would be appropriate to the jury's consideration of the issues presented:
... [F]or defendant to prevail, the jury need not find beyond a reasonable doubt that the defendant's belief was honest and reasonable. Rather, if any evidence raising the issue of self-defense is adduced, either in the State's or the defendant's case, then the jury must be instructed that the State is required to prove beyond a reasonable doubt that the self-defense claim does not accord with the facts; acquittal is required if there remains a reasonable doubt whether the defendant acted in self-defense. [97 N.J. at 200].

IV
For the aforementioned reasons we reverse and remand for a new trial.
NOTES
[1] See also and compare N.J.S.A. 2C:2-4 (ignorance or mistake). Neither party argues that it is relevant in this setting. Moreover, it was not argued or suggested that N.J.S.A. 2C:3-4b provided a limitation because security guards, including one in uniform, were involved in this case or because they were trying to perfect an arrest of third parties. Compare, e.g., State v. Montague, 55 N.J. 387, 403-406 (1970). In any event, we address only the issues projected on this appeal by virtue of the charge that was given. Finally, it is not suggested that any defense would not apply to all counts, and we have proceeded on that basis given the facts and judge's instructions. Compare, State v. Harmon, 203 N.J. Super. 216 (App.Div. 1985), certif. granted 102 N.J. 361 (1985).
[2] We note only that this defense and limitations thereon are not directed to elements of the offense, as such, see Patterson v. New York, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); compare N.J.S.A. 2C:1-13a, b, d.
[3] As in State v. Masino, 94 N.J. 436, 447 (1983), we are dealing with a novel and complex aspect of criminal law. While defendant objected to portions of the charge after it was given, no relevant specific language was ever suggested, and we note the following portion of colloquy before summations:

THE COURT: In chambers yesterday the Court, as I recall  we conferred in chambers relative to the proposed charges, and counsel would furnish the Court certain charges that they propose. May I have them, please?
[DEFENSE COUNSEL]: Your Honor, I have the charge on self-defense. I was unable to find any charge on defense of others.
THE COURT: Well, there's no reason why you couldn't have written it yourself and presented it to the Court as anticipated by the rules.
[DEFENSE COUNSEL]: Judge, only in that 
THE COURT: Just because there's been no model charge, proposed charge, that doesn't limit counsel in any way.
[THE PROSECUTOR]: Your Honor, the State had one proposed charge. It's the definition of the Code of possession.
[DEFENSE COUNSEL]: Judge, I would also request the definition in the Code of the defense of others, that being a 2C:5 
THE COURT: I propose to charge the jury relative to the defense of others, but not self-defense.
[DEFENSE COUNSEL]: Yes, Judge. I agree.
[4] Given the conviction for second degree aggravated assault, we cannot conclude that the jury determined that defendant used mere "force", but nevertheless rejected the defense without regard to the limitation.