689 A.2d 1359

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT–CROSS–
APPELLANT, v. CARLOS COLON, DEFENDANT–
APPELLANT–CROSS–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT–CROSS–
APPELLANT, v. BENNY RIVERA, DEFENDANT–
APPELLANT–CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted and Argued November 19, 1996—Decided February 14, 1997.

Before Judges DREIER, WEFING and NEWMAN.

*Susan L. Reisner,* Public Defender, attorney for appellant-cross-respondent Carlos Colon (*Virginia M. Lincoln,* Designated Counsel, of counsel and on the brief).

*Peter Verniero,* Attorney General, attorney for respondent-cross-appellant (*Craig V. Zwillman,* Deputy Attorney General, of counsel and on the brief).

*David A. Gies* argued the cause for appellant-cross-respondent Benny Rivera (*Susan L. Reisner,* Public Defender, attorney *Mr. Gies,* Designated Counsel, of counsel and on the brief).

*Craig V. Zwillman,* Deputy Attorney General argued the cause for respondent-cross-appellant (*Peter Verniero,* Attorney General, attorney; *Mr. Zwillman,* of counsel and on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Defendants Carlos Colon and Benny Rivera appeal from their various convictions after a joint trial arising out of their involvement in a November 21, 1992 fight and shooting outside a Hoboken nightclub. We consolidate their appeals for the purpose of this opinion.

After a seven-day trial, the jury found both defendants guilty of second-degree aggravated assault, *N.J.S.A.* 2C:12–1(b)(1) (count three); fourth-degree aggravated assault, *N.J.S.A.* 2C:12–1(b)(3) (count five); two counts of second-degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4(a) (counts seven and nine); and two counts of third-degree unlawful possession of a weapon (counts eight and ten), *N.J.S.A.* 2C:39–5(b). The jury also found Colon guilty of simple assault as a lesser-included offense of aggravated assault (count six). The jury acquitted both defendants on counts of first-degree attempted murder, second-degree aggravated assault, third-degree aggravated assault, and fourth-degree aggravated assault. Both defendants additionally pled guilty to contempt, *N.J.S.A.* 2C:29–9, for having contact with a juror involved in the trial. The State has cross-appealed to challenge the court's merger of defendants' convictions for unlawful possession of a weapon with the convictions for second-degree aggravated assault.

The judge merged the third-degree aggravated assault conviction and the two unlawful purpose offense convictions into the second-degree aggravated assault conviction, and sentenced Colon to a seven-year term with a three-year parole disqualifier and Rivera to an eight-year term with a four-year parole disqualifier. For the two unlawful possession of a weapon offenses, each defendant received two concurrent four-year terms. For the simple assault conviction (as a lesser-included offense of aggravated assault), Colon was sentenced to a concurrent thirty-day term. For the contempt conviction Colon received a concurrent nine-month term, and Rivera received a concurrent twelve-month term. Colon was fined $1650 ($1350 according to the judgment), and

Rivera was fined $4500 ($1500 according to the judgment). The usual VCCB penalties and SNSF penalties were also imposed.

[The facts have been abridged from the filed opinion for publication of one point raised by Rivera. The text has also been edited.]

At trial, there was extensive testimony concerning the causes and nature of a fight where Colon was beaten by a group of patrons from the bar where all had spent the evening. After a brief interaction inside the bar, all parties to the fight left the bar. Once outside, a punch was thrown and the fight broke out.

The witnesses were unsure who threw the first punch. The scene was described as "mayhem;" "a free for all;" "really hectic, people fighting here, people fighting there." Colon was hit, the victim was hit, and then Colon and the victim began hitting each other. The victim ended up on top of Colon, and other people, all from a group from Paterson, were hitting Colon. At this point, Colon started to cover his head with his hands and jacket. According to the victim, he too continued to hit Colon after Colon had stopped punching back and started covering himself, and hit Colon for a total of approximately two or three minutes. One participant testified that when he was hitting Colon he kept his eye on Colon's hand, which was in his jacket on his holster.[1] He estimated that he hit Colon for less than a minute, and stated that he was not beating Colon severely because "too many people were in there."

After returning from breaking up another fight, the bar's bouncer, Anthony Forbes, saw the fight taking place on the ground near the outside wall of the club involving the victim, Colon, and other people. Forbes knew Colon from the area, and so he immediately tried to help Colon by pulling the victim off of

---

[1] There was also testimony that during the early stages of the fight Colon discarded a .38 caliber handgun which he had shown to others earlier in the evening. Although there was some mention of Colon having a gun in a holster, the State offered no proof that Colon possessed a holster when he was arrested.

him.[2]  A few seconds after Forbes grabbed and held the victim, who was still kicking Colon, someone put an arm three-quarters of the way over Forbes's hunched left shoulder (so that the bicep was even with Forbes's face and the hand was ahead of his face), fired a shot, and hit the victim.  Forbes could see enough of the shooter's arm to see that he or she was wearing a "multicolored jacket."  According to several witnesses, including Colon, Rivera was wearing a multicolored jacket and purple pants.  After hearing a second shot, Forbes let go of the victim and ran.

The victim and two other participants in the fighting each stated that they were sure that Colon was not the shooter. ʼThe victim testified that, while still punching Colon and being hit by people around him, he heard gunshots coming from behind him, and that out of the corner of his eye he saw a spark "[l]ike a bullet hitting the ground. . . ."  Frank Irizarry testified that, as he was hitting Colon, he heard two or three gunshots, looked up and saw sparks out of the corner of his eye, and saw Rivera looking at the fight and standing immediately between the sparks and the fight. Irizarry did not, however, see a gun in Rivera's hand,[3] and he was unsure if anyone was standing on either side of Rivera.  Sergio DeLeon testified that when he heard two gunshots, he looked up and saw two flashes, but did not see who shot the gun.  He did see Rivera running from the scene.  Thirty seconds later he saw Marco Soto and the victim running in the same direction.  He saw three or four people in the immediate area from where he believed the gunshots came, but could describe only Rivera.  All three men testified that they continued to hit Colon and to be hit even after hearing the shots, until they were either pulled off Colon or heard police sirens.

---

[2] Forbes testified that he had seen the Paterson group once before at a party but did not know their names and did not have any other prior dealings with them.

[3] Rivera was convicted of, *inter alia,* count seven, charging him with possessing a .22 caliber handgun for an unlawful purpose.  The jury thus found that Rivera shot the victim with a .22 caliber handgun.

Two other witnesses, not participants in the fighting, testified regarding actually seeing Rivera with a gun. One of them, Renzo Flores, stated that he saw sparks or flashes, looked up, and saw them coming from a chrome-colored gun Rivera was using to shoot at the crowd. He testified that Rivera was fifteen to twenty feet away from him, standing near the sidewalk towards the street. When confronted with an earlier statement he made to the police that Rivera was standing right against the wall of the club, he stated that it was early, everyone was tired, and "[e]verything went so fast." After the shooting, the participants fled the scene.

After the police arrived, someone directed them towards Colon and Rivera as the ones responsible for the shooting. Colon was arrested across the street from the bar, and Rivera was arrested less than half a block away from where the guns were found and twenty feet from his car.

[Colon and Rivera each raised seven points on their appeals, and the State raised one point as cross-appellant in each appeal. All issues were fully considered in our filed opinion. However, solely for the purposes of publication, we sever Rivera's second point.]

*POINT II*

THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY WHERE IT FAILED TO CHARGE THE JUSTIFICATION AFFORDED BY *N.J.S.A.* 2C:3–5 REGARDING RIVERA'S CONDUCT IN REFERENCE TO THE COUNTS INVOLVING RECKLESSNESS AND WHERE IT ERRONEOUSLY TOLD THE JURY RECKLESSNESS IS NOT A STATE OF MIND.

■ Rivera contends that the trial court erred in not charging the defense of others, *N.J.S.A.* 2C:3–5, on the reckless aggravated assault counts (counts three and five).[4] Prior to summations, the court and counsel discussed the propriety of giving this charge, as

---

[4] As noted above, count three charged both defendants with violation of *N.J.S.A.* 2C:12–1(b)(1), recklessly causing serious bodily injury under circumstances manifesting extreme indifference to the value of human life. Count five charged both defendants with violation of *N.J.S.A.* 2C:12–1(b)(3), recklessly causing bodily injury with a deadly weapon.

well as a self-defense charge on behalf of Colon. When the court stated that the defense of others charge did not apply to the recklessness counts, counsel for Rivera agreed. Although he did not testify, the focus of Rivera's defense was that he had not fired the shots at all. Thus a request for a defense of another charge might have prejudiced his principal claim. We therefore review this issue under a plain error standard. *R.* 1:7–5; *R.* 2:10–2.

The defense of another defense is applicable when:

(1) The [defendant] would be justified under section 2C:3–4 in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect; and

(2) Under the circumstances as the [defendant] reasonably believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

(3) The [defendant] reasonably believes that his intervention is necessary for the protection of such other person.

[*N.J.S.A.* 2C:3–5(a).]

The amount of force used in self-defense must be only the amount "the defender reasonably believe[s] necessary to overcome the risk of harm". *State v. Fair,* 45 *N.J.* 77, 91, 211 *A.*2d 359 (1965); *see also State v. Holmes,* 208 *N.J.Super.* 480, 486, 506 *A.*2d 366 (App.Div.1986). Further, "if the circumstances of the attack indicate that the defendant could not reasonably have believed that he needed to employ the amount of force used, then he cannot invoke the defense." *State v. Bryant,* 288 *N.J.Super.* 27, 37, 671 *A.*2d 1058 (App.Div.), *certif. denied,* 144 *N.J.* 589, 677 *A.*2d 761 (1996) (dealing with self-defense but equally applicable to defense of another by virtue of *N.J.S.A.* 2C:3–5(a)(1) and (2), incorporating the requirements of self-defense). The trial court must give a defense of another charge "if there exists evidence in either the State's or the defendant's case sufficient to provide a 'rational basis' for [its] applicability." *Id.* at 35, 677 *A.*2d 1058.

The State's case suggested that Rivera shot the victim while the victim and some of his friends were beating Colon, who was lying on the ground covering up. Given this evidence, a

charge of defense of another was amply suggested by the record. The court charged self-defense and defense of others with regard to the counts that dealt with purpose and knowledge, but refused to give these charges on the aggravated assault counts involving recklessness. The trial judge told the jury that "[o]ne could not act in self-defense or defense of others when acting reckless[ly]."

■ The general definition of recklessness provides:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Recklessness," "with recklessness" or equivalent terms have the same meaning.

[*N.J.S.A.* 2C:2–2b(3).]

In light of the definition of recklessness, the State claims that if one acts recklessly, he thus acts unreasonably, and thus cannot claim the protection of a justification which requires that he be reasonable in his beliefs and in the amount of force he uses. It is true that the "[j]ustification [of] ... self-defense ... depends on the jury's determination of what they think a reasonable [person] would have done under the circumstances." *State v. Bess,* 53 *N.J.* 10, 16, 247 *A.*2d 669 (1968). Under this interpretation, a defendant might not be entitled to a defense of another charge on counts requiring recklessness. A jury could, however, have determined that Rivera reasonably believed that it was necessary to use deadly force to protect Colon, but that Rivera was reckless in the way that he used this force.

A review of the cases that have mentioned charging self-defense as to reckless counts provides little guidance. Most of the cases have done so cursorily, without evaluating the appropriateness of the charge. *See, e.g., State v. Ciuffreda,* 127 *N.J.* 73, 75, 602 *A.*2d 267 (1992); *State v. Rivers,* 252 *N.J.Super.* 142, 145–46, 150, 599 *A.*2d 558 (App.Div.1991); *State v. Pridgen,* 245 *N.J.Super.* 239, 245, 584 *A.*2d 869 (App.Div.), *certif. denied,* 126 *N.J.* 327, 598 *A.*2d 886 (1991); *State v. Holmes, supra,* 208 *N.J.Super.* at 482, 488 n. 1, 506 *A.*2d 366. In *State v. Kelly,* 97 *N.J.* 178, 203–204 n. 12, 478

A.2d 364 (1984), the Court stated that "a self-defense based on a *reasonable* belief in the need for deadly force would constitute justification—a complete defense—to the charge of reckless manslaughter."

Regardless of whether a count of recklessness in itself could coexist with a defense of another charge, the absence of an instruction on the recklessness counts on the facts of the present case was nonetheless harmless. The jury acquitted Rivera of purposeful or knowing aggravated assault, but convicted him of reckless aggravated assault. Since the judge instructed the jury that the defense of another and recklessness were incompatible, the jury must have found that Rivera did not act in "perfect" defense of another. The jury might have found that he had attempted to act in defense of Colon but either recklessly overreacted to the perceived danger to Colon or correctly perceived the need for such force but recklessly fired the weapon. In either case, Rivera may have acted without purposely or knowingly causing serious bodily injury. Either of these interpretations is consistent with both the verdict and the evidence, and thus the charge should have been given.

■ But even assuming that Rivera had attempted to act in defense of Colon and did so recklessly, the only relief available to Rivera might have been one akin to a third-person version of imperfect self-defense. The instruction would necessarily have yielded the same verdict. *See State v. Bowens,* 108 N.J. 622, 627–28, 532 A.2d 215 (1987); *State v. Powell,* 84 N.J. 305, 311–12 n. 5, 419 A.2d 406 (1980), *certif. denied,* 87 N.J. 332, 434 A.2d 81 (1981). The charge protected Rivera from a purposeful or knowing finding only. The result here is akin to that in *State v. Pridgen, supra,* 245 N.J.Super. at 248, 584 A.2d 869, where the court held that the defendant suffered no prejudice by the trial court's failure to give a charge of imperfect self-defense, given that the jury nonetheless convicted the defendant of a crime that required only a reckless culpability. The error, if any, in not charging the defense of

another with respect to reckless aggravated assault was harmless. *R.* 2:10–2.

■ Rivera also argues that the court's charge on recklessness was erroneous. We have reviewed the charge as a whole, *State v. LaBrutto,* 114 *N.J.* 187, 204, 553 *A.*2d 335 (1989), and find that the trial court's explanation of "recklessness" was adequate. Although the court twice stated during the charge that "recklessness is not a state of mind," when charging the jury on the individual assault charges that required a reckless state of mind (counts three and five), the court charged the jury appropriately:

> A person acts under circumstances manifesting extreme indifference to the value of human life when he is aware that his conduct [bears] a substantial risk that he will kill or seriously injure anyone who may happen to be in the way [provided] he conducts himself with no regard to that risk. In other words, the State must prove the defendants acted in such a way that they were indifferent as to whether or not the victim lived, died, or was seriously injured, that is, the defendants acted in a way which showed that they did not care that Luis Soto would be killed or seriously injured.

> A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a certain element such as serious bodily injury will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to them, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in a like or similar situation. One is said [to] act recklessly if they act with recklessness, with scorn for the consequences, heedlessly, foolhardily.

There was no error.

[For the reasons stated in our filed opinion, Colon's convictions for aggravated assault and lesser-included or related accomplice liability offenses were reversed and a judgment of acquittal entered. His conviction for possession of the .38 caliber handgun for an unlawful purpose was reversed and remanded for a new trial, and the sentence imposed therefor vacated. His convictions for unlawful possession of the .38 caliber handgun and for contempt were affirmed. He was permitted to make a timely application for post-conviction relief to raise the issue of ineffective assistance of counsel.

Likewise, all of Rivera's convictions were affirmed, except that his conviction for the unlawful constructive possession of a .38 caliber handgun for an illegal purpose was reversed and remanded for a new trial and the sentence imposed therefor vacated. Rivera was also permitted to bring a timely petition for a PCR hearing on his claim of ineffective assistance of counsel.]