223 N.J. Super. 571 (1988)
539 A.2d 322
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD GRAHAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1988.
Decided March 15, 1988.
*573 Before Judges BRODY and SCALERA.
Mordecai Garelick, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Mordecai Garelick, of counsel and on the letter brief).
Tanya Y. Justice, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney; Catherine A. Foddai, Deputy Attorney General, of counsel; Tanya Y. Justice, on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
Following a trial without a jury, the trial judge convicted defendant of two assaults. The first count of the indictment charges that defendant "did purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life cause or attempt to cause serious bodily injury to Sharon Graham." Sharon Graham is defendant's wife. The offense is a second-degree crime. N.J.S.A. 2C:12-1b(1) *574 (hereafter b(1) assault).[1] The second count charges that defendant "did knowingly under circumstances manifesting extreme indifference to the value of human life point a firearm, a handgun, at or in the direction of Sharon Graham." The offense is a fourth-degree crime. N.J.S.A. 2C:12-1b(4) (hereafter b(4) assault). The judge acquitted defendant of possessing a handgun with a purpose to use it against the person of another, the crime charged in the third count of the indictment.
Defendant's conduct was not in issue. He seriously injured his wife's hand when he fired a loaded handgun he was pointing in her direction. Defendant had loaded the firearm just before the shooting. The victim testified that she was pushing the gun aside when it fired. Defendant was intoxicated at the time.
The trial judge found that defendant had caused the victim serious bodily injury, but, because of his intoxicated state, he did not act purposely or knowingly. He also found that defendant acted recklessly but not under circumstances manifesting extreme indifference to the value of human life because "I don't think he was capable of any manifestation...."
*575 The judge found defendant guilty of fourth-degree recklessly causing bodily injury to another with a deadly weapon, N.J.S.A. 2C:12-1b(3) (hereafter b(3) assault), which the judge held was included within the b(1) assault. The judge also found defendant guilty of the b(4) assault, an assault in which a defendant knowingly, under circumstances manifesting extreme indifference to the value of human life, points a firearm in the victim's direction. It is immediately apparent that the judge erred in finding defendant guilty of b(4) assault after having acquitted defendant of b(1) assault based on the express finding that he had not acted under circumstances manifesting extreme indifference to the value of human life.
Erroneously believing b(3) assault to be a third-degree crime, the judge merged it with the fourth-degree b(4) assault and sentenced defendant to a three-year term of imprisonment without parole eligibility, the minimum sentence for a third-degree Graves Act crime. Because b(3) assault is a fourth-degree Graves Act crime, we modify the sentence to a term of 18 months without parole eligibility, the minimum sentence for a fourth-degree Graves Act crime.
Defendant argues on appeal for the first time that the trial judge should not have convicted him of b(3) assault because he was not indicted for that assault and it is not a lesser offense included within the b(1) assault charged in the first count of the indictment.
The issue has been decided both ways in reported Law Division opinions. Judge Stern held that b(3) assault is "undoubtedly" included in b(1) assault. State v. Berrios, 186 N.J. Super. 198, 203 (Law Div. 1982). Judge Villanueva held that it is not. State v. Mincey, 202 N.J. Super. 548, 555-556 (Law Div. 1985). Another part of this court agreed with Judge Villanueva and relied on his reasoning. State v. Jones, 214 N.J. Super. 68, 73-74 (App.Div. 1986), certif. den. 107 N.J. 102 (1987). Later Judge Stern, now writing for this court, questioned the soundness of Jones on policy grounds but did not *576 decide the issue. State v. Sloane, 217 N.J. Super. 417, 421-423, 423 n. 2 (App.Div. 1987), certif. granted 108 N.J. 669 (1987).
N.J.S.A. 2C:1-8(d) defines when an offense is a lesser included offense. It provides in relevant part that an offense is lesser included when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged....
Mincey and Jones concluded that the use of a deadly weapon disqualifies b(3) assault from being included under N.J.S.A. 2C:1-8(d)(1) because "[t]his element of a deadly weapon is not an element of the (b)(1) crime." Jones, 214 N.J. Super. at 73. See Mincey, 202 N.J. Super. at 554.
The analysis is flawed because N.J.S.A. 2C:1-8(d)(1) requires that the lesser offense be established by proof of the same or less than all the "facts," not "elements," required to establish the commission of the offense charged. "Since [State v.] Davis, [68 N.J. 69 (1975),] we have dealt with merger issues by focusing on the specific facts of each case." State v. Miller, 108 N.J. 112, 117 (1987).[2]
Where the facts of a particular case are such that the State is required to prove that a b(1) assault was committed with a deadly weapon, a b(3) assault is a lesser included offense. Put another way, by its silence as to whether the serious bodily injury required of b(1) assault must be caused by a deadly weapon, the Legislature intended that the crime is committed regardless of whether a deadly weapon is used. Thus where a deadly weapon is used to commit a b(1) assault, *577 b(3) assault is a lesser included offense under N.J.S.A. 2C:1-8(d)(1).
It should be remembered that if there is no merger, a defendant who used a deadly weapon to commit a single b(1) assault could be convicted of both a b(1) assault and a b(3) assault. Had the Legislature intended that result, it would not have expressly limited the element of using a deadly weapon to the lesser b(3) assault. The Legislature did not enact b(3) assault to convict a defendant of two crimes when he causes or attempts to cause serious bodily injury with a deadly weapon, but to raise what would otherwise be a simple assault under N.J.S.A. 2C:12-1a to a fourth-degree crime where a defendant recklessly causes or attempts to cause only bodily injury but does so with a deadly weapon.
Where, as here, the lesser-included-offense analysis turns on a comparison of the particular factual circumstances, not the elements, of the offenses being compared, the New Jersey Constitution bars conviction of the lesser included offense unless the grand jury intended that result and the defendant had fair notice that he was being tried for that offense. N.J. Const. (1947), Art. I, par. 8 and par. 10; State v. LeFurge, 101 N.J. 404, 414-415 (1986). Here it is apparent from the three counts of the indictment that the grand jury found probable cause that defendant had committed a single assault and that he had committed it with a deadly weapon. It would have been better practice for the prosecutor to have requested the grand jury to indict defendant for the lesser included offense. Nevertheless, defendant was fairly warned that he would have to defend himself against the charge of having used a deadly weapon. See LeFurge, 101 N.J. at 422-424.
The sentence is modified to commitment to the custody of the Commissioner of the Department of Corrections for a term of 18 months without parole. The judgment is otherwise affirmed.
NOTES
[1] The four assaults referred to in this opinion are statutorily defined in relevant part as follows:

N.J.S.A. 2C:12-1a(1). A person is guilty of [a disorderly persons simple] assault if he ... [a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another....
N.J.S.A. 2C:12-1b(1). A person is guilty of [a second-degree] aggravated assault if he ... [a]ttempts to cause serious bodily injury to another, or causes such injury purposely or knowingly, or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury....
N.J.S.A. 2C:12-1b(3). A person is guilty of [a fourth-degree] aggravated assault if he ... [r]ecklessly causes bodily injury to another with a deadly weapon.
N.J.S.A. 2C:12-1b(4). A person is guilty of [a fourth-degree] aggravated assault if he ... [k]nowingly under circumstances manifesting extreme indifference to the value of human life points a firearm ... at or in the direction of another whether or not the actor believes it to be loaded. .. .
[2] But see State v. Talley, 94 N.J. 385, 393 (1983) where in dictum the court said that

the offense of theft by deception is not an "included offense," as defined by the Code, of robbery. [Footnote containing the provisions of N.J.S.A. 2C:1-8(d) omitted.] Theft by deception contains the element of fraudulent taking, not required for a robbery conviction. [Emphasis added.]
The court may have meant simply that the element of deception in the lesser offense of theft by deception is not a fact required under any circumstances to prove robbery.