465 S.E.2d 640

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Bonnie L. SHANE, Defendant Below, Appellant.**

No. 22831.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1995.

Decided Dec. 7, 1995.

---

Janet Scalia, Assistant Prosecuting Attorney, Martinsburg, for Appellee.

Ronald L. Reece, Public Defender Corporation, Martinsburg, for Appellant.

PER CURIAM:

The defendant in this proceeding, Bonnie L. Shane, was sentenced to from one to five years in the State penitentiary after being convicted of felony welfare fraud under W.Va.Code, 9–5–4.[1] The sentence was suspended, however, and the defendant was placed on probation for two and one-half years, contingent upon her serving thirty days in the Eastern Regional Jail in Martinsburg, West Virginia. On appeal, the defendant claims that the trial court erred in failing to instruct the jury in her case on the

---

1. West Virginia Code, 9–5–4, states, in pertinent part:

Any person who obtains or attempts to obtain, or aids or abets an applicant or recipient in obtaining or attempting to obtain, by means of a willfully false statement or misrepresentation or by impersonation or any other fraudulent device:

(1) Any class of welfare assistance to which the applicant or recipient is not entitled; or

(2) Any class of welfare assistance in excess of that to which the applicant or recipient is justly entitled; shall upon conviction be punished as follows:

(a) If the aggregate value of all funds or other benefits obtained ... [is] five hundred dollars or less, the person so convicted shall be guilty of a misdemeanor ...; or

(b) If the aggregate value of all funds or other benefits obtained ... shall exceed five hundred dollars, the person so convicted shall be guilty of a felony....

lesser included offense of misdemeanor welfare fraud, and, consequently, her conviction should be reversed. After reviewing the issue presented and the record, this Court does not find that the trial court committed reversible error. The defendant's conviction is, therefore, affirmed.

The evidence in this case shows that the defendant, in September, 1986, applied for welfare benefits in the form of cash and food stamps. On her application, she indicated that she had not worked since July, 1986. In September, 1987, she again filed an application and reported that her only income received had been welfare payments received under the first welfare application. In January, 1988, she filed a third application for further benefits and indicated that her only income was in the form of welfare benefits.

On the basis of the defendant's applications, the West Virginia Department of Health and Human Resources issued food stamps and checks for welfare benefits payable to the defendant.

After issuing food stamps and welfare benefits to the defendant, the Department of Health and Human Resources determined that the defendant had actually worked during the second and third quarters of 1987 (April, May, June, July, August, and September) and during November and December, 1987, and January, 1988, contrary to her representations in her September, 1987, and January, 1988, welfare applications. As a consequence, the defendant was indicted for welfare fraud under W.Va.Code, 9–5–4.[2]

During the defendant's subsequent trial, the State introduced evidence showing that in September, 1986, the defendant initially applied for welfare benefits and that subsequently, in September, 1987, and January, 1988, the defendant filed and signed applications for welfare benefits in which she reported no employment income since her previous welfare application. The State also

introduced the testimony of Keitha LeMaster, the office manager for Henry's County Inn, who testified that the defendant worked for that establishment, and was paid for her work, in the second and third quarters of 1987. The State also adduced the testimony of a Ms. Arvin, the owner of an establishment called Ritter's Club. Ms. Arvin stated that the defendant worked at Ritter's Club during November and December, 1987. For that work she was paid $550.88.[3] Ms. Arvin also personally identified the defendant as the Bonnie L. Shane who had been her employee.

In addition to introducing the foregoing evidence, the State introduced evidence showing that during these periods food stamps had been issued to the defendant in the following amounts:

| | |
|---|---|
| July, 1987 | $149.00 |
| August, 1987 | $149.00 |
| September, 1987 | $149.00 |
| October, 1987 | $159.00 |
| January, 1988 | $159.00 |
| February, 1988 | $159.00 |
| March, 1988 | $159.00 |

The State also showed that during the same period checks were issued to the defendant, and endorsed by "Bonnie L. Shane," in the following amounts:

| | |
|---|---|
| May 1, 1987 | $201.00 |
| June 1, 1987 | $201.00 |
| July 1, 1987 | $201.00 |
| August 1, 1987 | $201.00 |
| November 1, 1987 | $201.00 |
| December 1, 1987 | $201.00 |
| January 1, 1988 | $201.00 |

The defendant, through cross-examination, suggested that the welfare checks issued to her might have been stolen and that she might not have actually received them. The State, however, called a handwriting expert, who expressed the opinion that the endorsements on at least certain of the checks were those of the defendant. The State also showed that it had never received any report

---

**2.** The theory of the State's case was that the defendant fell within the W.Va.Code, 9–5–4, language criminalizing one "who obtains or attempts to obtain ... [welfare benefits] ... by means of a willfully false statement or misrepresentation ..." by making a willfully false statement about not receiving employment income.

**3.** This was broken down into payments of $126.75 on November 30, 1987; $147.88 on December 7, 1987; $139.75 on December 14, 1987; and $136.50 on December 28, 1987.

of the defendant's not receiving welfare checks.

The defendant herself did not testify, and she called no witnesses in the case. At the conclusion of the State's case, defense counsel moved that the trial court give a lesser included offense instruction, which would have allowed the jury to find the defendant guilty of misdemeanor welfare fraud in lieu of finding her guilty of felony welfare fraud. This was refused by the trial court and, as earlier noted, this is the sole ground for appeal.

■ Under our law, two circumstances must be present before a defendant in a criminal proceeding is entitled to the giving of a lesser included offense instruction. First, there must be a lesser included offense in the crime charged contained in the indictment which meets the standard contained in syllabus point 1 of *State v. Louk,* 169 W.Va. 24, 285 S.E.2d 432 (1981):

> The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

*See also State v. Hays,* 185 W.Va. 664, 408 S.E.2d 614 (1991); *State v. Johnson,* 179 W.Va. 619, 371 S.E.2d 340 (1988); *State v. Wallace,* 175 W.Va. 663, 337 S.E.2d 321 (1985); and *State v. Wyer,* 173 W.Va. 720, 320 S.E.2d 92 (1984).

■ Additionally, the evidence introduced at trial must be such that it creates an evidentiary dispute on the elements of the greater offense which are different from the elements of the lesser included offense, as we stated in syllabus point 2 of *State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982), as follows:

> Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense,

then the defendant is not entitled to a lesser included offense instruction.

*See also State v. Hays, supra; State v. Murray,* 180 W.Va. 41, 375 S.E.2d 405 (1988); *State v. Thompson,* 176 W.Va. 300, 342 S.E.2d 268 (1986); and *State v. Gum,* 172 W.Va. 534, 309 S.E.2d 32 (1983).

■ Here, the central issue is whether there was sufficient undisputed evidence to prove that the amount of funds received exceeded $500.00. The only distinction between the misdemeanor offense of welfare fraud and the felony offense of welfare fraud is the amount of benefits illegally or fraudulently obtained under W.Va.Code, 9–5–4. In the case of misdemeanor welfare fraud, the offense is committed if the amount of benefits obtained is $500.00 or less. In the case of felony welfare fraud, the offense is committed if the amount received exceeds $500.00.[4]

In the present case, the question of whether the defendant's welfare checks were stolen and endorsed by someone other than the defendant was properly one for the jury to decide, as was the question of whether the defendant received food stamps. However, even apart from the question of whether the defendant received and cashed the checks, there was solid evidence, and really undisputed evidence, that the defendant received food stamps for $149.00 in July, 1987, $149.00 in August, 1987, $149.00 in September, 1987, $159.00 in October, 1987, $159.00 in January, 1988, $159.00 in February, 1988, and $159.00 in March, 1988, or food stamps in an aggregate amount of $1,083.00, of which $636.00 was clearly received after the defendant filed her September, 1987, application in which she represented that she had not received employment income in 1987. There was also rather clear evidence that the defendant worked and received employment income in 1987, contrary to her representations.

In this Court's view, if the jury believed the State's case, it, at the very least, had to find that the defendant received at least $636.00 after she filed the September, 1987, application, or more than the $500.00 necessary to elevate the crime against the defen-

---

4. The text of W.Va.Code, 9–5–4, is set out in note 1, *supra.*

dant to felony welfare fraud. Under the circumstances, and given the rule set forth in syllabus point 2 of *State v. Neider, supra,* this Court cannot conclude that the circuit court erred in refusing to give the lesser included offense instruction that the defendant sought.

The judgment of the Circuit Court of Berkeley County is, therefore, affirmed.

Affirmed.

ALBRIGHT, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.