**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeffrey Lynn CARRUTH, Defendant and Appellant.**

**No. 960714–CA.**

Court of Appeals of Utah.

Oct. 23, 1997.

Margaret P. Lindsay, Aldrich, Nelson, Weight & Esplin, Provo, for Defendant and Appellant.

Jan Graham, Attorney General, and James H. Beadles, Assistant Attorney General, Salt Lake City, for Plaintiff and Appellee.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Jeffrey Lynn Carruth appeals his conviction for felony joyriding under Utah Code Ann. § 41–1a–1314 (1993) (formally entitling felony joyriding "exercise [of] unauthorized control for extended time"). We reverse and enter a conviction for misdemeanor joyriding under Utah Code Ann. § 41–1a–1311 (1993) (formally entitling misdemeanor joyriding "unlawful control over motor vehicles, trailers, or semitrailers").

## BACKGROUND

On February 1, 1996, Carruth rented a van from Freedom Rent–A–Car in Provo, Utah. He never returned it, and, on March 27, 1996, police found the van in the parking lot of Carruth's apartment complex in Las Vegas. Carruth was charged with motor vehicle theft under Utah Code Ann. § 76–6–404 (1995).[1]

---

1. Utah Code Ann. § 76–6–404 (1995) reads: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."

At trial, the court granted the State's request that the court instruct the jury that they could alternatively consider convicting Carruth of felony joyriding, as a lesser included offense of theft. *See* Utah Code Ann. § 41–1a–1314 (1993).[2] Within that jury instruction, the court mistakenly included the mens rea for misdemeanor joyriding among the elements of felony joyriding. *See id.* § 41–1a–1311(1).[3] Thus, to convict Carruth of felony joyriding, the jury was required to find Carruth had "intent to temporarily deprive the owner" of the vehicle.[4] The jury ultimately convicted Carruth of felony joyriding.

■ Carruth appeals, presenting the following question of law for our consideration: Did the trial court incorrectly instruct the jury that felony joyriding is a lesser included offense of theft? "[W]e review the trial court's determination concerning jury instructions for correctness and accord it no particular deference." *State v. Jones,* 878 P.2d 1175, 1176 (Utah.Ct.App.1994).

## ANALYSIS

The parties first debate the proper analysis for determining whether a lesser crime is included in a greater crime. Carruth asserts

> As pertains to this case, " '[p]urpose to deprive' means to have the conscious object ... [t]o withhold property permanently." Utah Code Ann. § 76–6–401(3)(a) (1995).

**2.** Utah Code Ann. § 41–1a–1314(1) (1993) reads: "It is a third degree felony to exercise unauthorized control over a motor vehicle, trailer, or semitrailer if the person does not return the motor vehicle, trailer, or semitrailer to the owner or lawful custodian within 24 hours after the exercise of unauthorized control."

**3.** Utah Code Ann. § 41–1a–1311(1) (1993) reads:

> It is a class A misdemeanor for a person to exercise unauthorized control over a motor vehicle, trailer, or semitrailer not his own, without the consent of the owner or lawful custodian and with intent to temporarily deprive the owner or lawful custodian of possession of the motor vehicle, trailer, or semitrailer.

**4.** During the period involved here, the felony joyriding section did not express a mens rea requirement or an indication of strict liability. We therefore import the appropriate mens rea

the legal elements required to show the lesser crime must be "necessarily included" in the elements required to show the greater crime. *State v. Baker,* 671 P.2d 152 (Utah 1983), is the pivotal case supporting this assertion. Meanwhile, the State contends that *State v. Hill,* 674 P.2d 96 (Utah 1983), a case issued shortly after *Baker,* "clarified *Baker* by adding a 'secondary test' " that broadens the applicable analysis. This secondary test recognizes that "[a] theoretical comparison of the statutory elements of two crimes having *multiple variations* will be insufficient" in some situations. *Id.* at 97 (emphasis added). Courts applying the test therefore "must consider the evidence to determine whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial."[5] *Id.*

■ However, the State misconstrues *Hill,* which is readily distinguishable from *Baker,* particularly as it concerns this case. *Baker* contains two analyses—one applying to cases in which the State requests the lesser-included-offense instruction and another very different one applying to cases in which the defendant requests the instruction. The portion of *Baker* pertinent here concerns the State-requested instruction—a situation to which *Hill* is entirely irrelevant.[6]

from the Utah Criminal Code's catch-all section, which reads:

> Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility. An offense shall involve strict liability if the statute defining the offense clearly indicates a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state.

Utah Code Ann. § 76–2–102 (1995).

**5.** As an aside, we note that, in *Duran v. Cook,* 788 P.2d 1038, 1041 n. 2 (Utah 1990), the supreme court held that theft is not a crime with multiple variations under this test.

**6.** *Hill* may have some analogous relevance to *Baker's* analysis for determining whether a *defendant's* request for a lesser-included-offense instruction should be granted. This is because both the *Baker* and *Hill* analyses speak of looking beyond comparing statutory elements of crimes to considering the evidence presented at trial. Both allow for that broader consideration as a

■ Accordingly, *Baker* clearly controls our case by outlining a distinct analysis to be used specifically in determining whether to allow a lesser-included-offense instruction at the *prosecution's* request. That analysis is narrower than the one used when evaluating a defendant's request—for the constitutional reasons cited in footnote six—and "relies upon a comparison of the abstract *statutory* elements of the offenses." *Baker,* 671 P.2d at 154. The standard "states that '[t]he lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof.'" *Id.* at 154–55 (quoting *State v. Woolman,* 84 Utah 23, 36, 33 P.2d 640, 645 (1934)) (alterations in original). The crimes "must be such that the greater cannot be committed without necessarily having committed the lesser." *Id.* at 156. In sum, "when the prosecution seeks instruction on a proposed lesser included offense, both the legal elements and the actual evidence or inferences needed to demonstrate those elements must *necessarily be included* within the original charged offense." *Id.*

■ Having established the standard that applies to this case, we next review the elements involved in each of the two offenses at issue. The elements of theft are [1] obtaining or exercising "unauthorized control [2] over the property of another [3] with a purpose to [permanently] deprive him thereof." Utah Code Ann. § 76–6–404 (1995). The elements of felony joyriding in 1996 were [1]

exercising "unauthorized control [2] over a motor vehicle . . . [3] if the person does not return the motor vehicle . . . to the owner . . . within 24 hours after the exercise of unauthorized control." *Id.* § 41–1a–1314 (1993).[7] Although the first two elements of felony joyriding are included in the first two elements of theft when "the property of another" is a motor vehicle, the third element precludes felony joyriding from being necessarily included in theft. A person may still complete the crime of theft and return a stolen car to its owner within less than twenty-four hours. For instance, theoretically, a person could return the car within five minutes and still have entertained theft's requisite intent to permanently deprive at the moment of exercising unauthorized control. Consequently, we reverse Carruth's conviction for felony joyriding because, under the "necessarily included offense" standard applicable to the prosecution's request, felony joyriding is not a lesser included offense of theft.

■ In light of our disposition, we must finally address whether we should alternatively enter a conviction for misdemeanor joyriding.[8] When an error at trial taints a defendant's conviction, as it has here, we have "the power to enter judgment for a lesser included offense . . . if (i) the trier of fact necessarily found facts sufficient to constitute the lesser offense, and (ii) the error did not affect these findings." *State v. Dunn,* 850 P.2d 1201, 1209 (Utah 1993). Although the convicted offense was felony joy-

---

way to protect the defendant's constitutional rights. In situations in which the defendant requests the jury instruction, the "defendant has a constitutional right to be given fair notice of the crime with which he is charged, and . . . [a] right to have a jury pass on issues which he submits for resolution," *State v. Crick,* 675 P.2d 527, 535 (Utah 1983) (Stewart, J., dissenting), while in the context of convictions for both greater and lesser crimes, the defendant's double jeopardy rights are at issue, *see Duran,* 788 P.2d at 1041 n. 2 (distinguishing *Baker* in another way because *Baker* deals with jury instructions, not double jeopardy). Because "our constitutions do not confer upon the State . . . concomitant right[s] . . . for obvious reasons," the pro-defendant policy considerations underlying the *Baker* defendant-requested-instruction analysis and the *Hill* analysis invite analogy between them, but do not support extending those analyses to situations in

which the prosecution requests a lesser-included-offense jury instruction. *Crick,* 675 P.2d at 535 (Stewart, J., dissenting); *see also State v. Baker,* 671 P.2d 152, 156 (Utah 1983) ("The prosecution faces no loss of life or liberty at trial and is not constitutionally entitled to the same protections afforded the defendant.").

7. As of May 5, 1997, felony joyriding also contains the same intent element as misdemeanor joyriding: "intent to temporarily deprive the owner." Utah Code Ann. § 41–1a–1314 (Supp. 1997).

8. The elements of misdemeanor joyriding are [1] exercising "unauthorized control over" someone else's vehicle, [2] without the owner's permission, and [3] "with intent to temporarily deprive the owner . . . of possession of the motor vehicle." Utah Code Ann. § 41–1a–1311 (1995).

riding, the charged offense of theft is the one we continue to focus on as the greater offense for purposes of comparison to misdemeanor joyriding. *See id.; cf.* Utah Code Ann. § 76–1–402(5) (1995). The Utah Supreme Court has expressly held that misdemeanor joyriding is a lesser included offense of theft. *See State v. Cornish,* 568 P.2d 360, 362 (Utah 1977).

■ Although misdemeanor joyriding was not a lesser included offense of felony joyriding in 1996,[9] by adding the misdemeanor element "with intent to temporarily deprive" to its jury instruction on the elements of felony joyriding, the trial court effectively instructed the jury regarding the elements of the misdemeanor as well. Consequently, when the jury found Carruth guilty of felony joyriding, it necessarily also found that he had the intent element peculiar to the misdemeanor. The State argues that we may then enter a conviction for the misdemeanor because, even though the mens rea element instructed upon was surplusage, "(i) the trier of fact necessarily found facts sufficient to constitute the lesser offense, and (ii) the error did not affect these findings." *Dunn,* 850 P.2d at 1209.

At oral argument before this court, Carruth conceded that it would be appropriate on the facts of this case for us to enter a misdemeanor conviction against him. Further, the record shows Carruth would not be unfairly prejudiced by such a conviction. After all, although at trial Carruth did object to the intent element added to the instruction describing felony joyriding, he based his objection on the tenuous rationale that the theft intent element of permanent deprivation was imported into the felony joyriding statute and, thus, the misdemeanor intent element did not fit. Under his argument, then, misdemeanor joyriding would have become a lesser included offense of felony joyriding, in addition to theft, because intent to temporarily deprive is included in intent to permanently deprive. *See Cornish,* 568 P.2d at 362.

■ The misdemeanor conviction is not unfairly prejudicial for two other reasons: First, a misdemeanor joyriding conviction does not violate Carruth's constitutional right "to be given fair notice of the crime with which he is charged." *Crick,* 675 P.2d at 535. Because the misdemeanor is necessarily included in the initial theft charge, Carruth had "the notice and opportunity necessary to prepare his defense to both offenses: his defense against the greater [offense of theft] will, of necessity, be a defense against the lesser [offense of misdemeanor joyriding] also, with regard to both the law and the facts alleged." *Baker,* 671 P.2d at 156. And, second, the error here increased the State's burden of proof regarding felony joyriding by requiring the State to show a greater level of mental culpability. *See Davis v. State,* 916 P.2d 251, 260 (Okla.Ct.Crim.App. 1996) (holding defendant not prejudiced by incorrect jury instruction when error "increased the State's burden by adding another element to be proved"). "[S]uch an error actually benefits the defendant." *Id.*

Accordingly, we reverse Carruth's conviction for felony joyriding and enter a conviction for misdemeanor joyriding.

BILLINGS and ORME, JJ., concur.

---

9. As noted in footnote four, the mens rea for felony joyriding in 1996 was supplied by the catch-all mens rea provision in Utah Code Ann. § 76–2–102 (1995). Thus, felony joyriding at that time could be completed with "intent, knowledge, *or recklessness,*" *id.* (emphasis added); whereas, misdemeanor joyriding specifically requires "intent to temporarily deprive." *Id.* § 41–1a–1311. Because felony joyriding could therefore have been accomplished with a less culpable mental state than misdemeanor joyriding, misdemeanor joyriding was not then a lesser included offense of felony joyriding.