1999 UT 107

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Jeffrey Lynn CARRUTH, Defendant and Respondent.**

**No. 970597.**

Supreme Court of Utah.

Dec. 10, 1999.

Jan Graham, Att'y Gen., James H. Beadles, Asst. Att'y Gen., Salt Lake City, James R. Taylor, Utah County Attorney Office, Provo, for petitioner.

Margaret P. Lindsay, Provo, for respondent.

DURHAM, Associate Chief Justice:

¶ 1 This case is before us on writ of certiorari to the Utah Court of Appeals, which vacated a jury verdict convicting Jeffrey Lynn Carruth of felony joyriding and entered a conviction for misdemeanor joyriding. *See State v. Carruth*, 947 P.2d 690 (Utah Ct.App.1997). The court of appeals held that the trial court erred in giving a State-requested jury instruction on felony joyriding. Under this court's decision in *State v. Baker*, 671 P.2d 152 (Utah 1983), the court of appeals concluded that the State's request for a lesser-included offense instruction should be granted only if the lesser-included offense is

a "necessarily-included offense," and that felony joyriding is not a "necessarily-included offense" of the offense charged.

## FACTS

¶ 2 On February 1, 1996, defendant rented a mini-van from Freedom Rent–A–Car in Provo, Utah. Defendant contracted to rent the van for four days and stated that he intended to use the van solely within the state. About two weeks later, one of the owners of Freedom Rent–A–Car traced defendant to Las Vegas, Nevada, where she spoke with him by telephone. Defendant told the owner that he could not return the van because he lacked the funds to pay for its rental. Although the owner offered to make payment arrangements, defendant did not return the van. On March 27, 1996, police went to defendant's Las Vegas apartment, where they found the van and arrested defendant.

¶ 3 The State charged defendant with theft, a second-degree felony, in violation of Utah Code Ann. § 76–6–404 (1995).[1] Although the State does not have to prove any time element to establish the offense of theft, the information in this case indicated that defendant had retained the van for over twenty-four hours.

¶ 4 At the State's request, the trial court instructed the jury on the uncharged offense of felony joyriding, a third-degree felony under Utah Code Ann. § 41–1a–1314 (1993).[2] The jury convicted defendant of felony joy-

riding and defendant appealed. The court of appeals vacated the conviction and entered a judgment for misdemeanor joyriding, a class A misdemeanor, in violation of Utah Code Ann. § 41–1a–1311 (1993).[3]

## ANALYSIS

¶ 5 The State argues that the court of appeals incorrectly applied *State v. Baker*, 671 P.2d 152 (Utah 1983), to find error in the trial court's grant of the State's request for a jury instruction on felony joyriding. According to the State, *Baker* is no longer good law because it was decided under a statute, section 77–35–21(e),[4] that has since been repealed. Furthermore, the State argues a better standard has been adopted by numerous other jurisdictions, which have moved away from the "necessarily-included offense" standard and adopted a more lenient "charging document" standard. Under the "charging document" approach, an accused person may be convicted of any offense for which the indictment or its attachments provide sufficient factual notice for him to defend himself. Carruth argues that *Baker* remains good law because, although the statute in question has been repealed, rule 21(e) of the Utah Rules of Criminal Procedure provides the same protection.[5] Carruth further argues that adoption of the "charging document" standard would violate a defendant's right to due process to the extent that it exposes him to conviction of a crime against which he has had insufficient notice and thus no true opportunity to defend himself.

1. "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." Utah Code Ann. § 76–6–404 (1995).

2. "It is a third degree felony to exercise unauthorized control over a motor vehicle ... if the person does not return the motor vehicle ... to the owner or lawful custodian within 24 hours after the exercise of unauthorized control." Utah Code Ann. § 41–1a–1314(1) (1993).

3. "It is a class A misdemeanor for a person to exercise unauthorized control over a motor vehicle ... not his own, without the consent of the owner or lawful custodian and with intent to temporarily deprive the owner or lawful custodian of possession of the motor vehicle." Utah Code Ann. § 41–1a–1311(1) (1993). Misdemeanor joyriding is a necessarily-included lesser of-

fense of theft. *See State v. Cornish*, 568 P.2d 360, 362 (Utah 1977).

4. At the time of *Baker,* section 77–35–21(e) provided: "The jury may return a verdict of guilty to the offense charged or to any offense *necessarily included* in the offense charged or an attempt to commit either the offense charged or an offense necessarily included therein." Utah Code Ann. § 77–35–21(e) (1982) (repealed 1989) (emphasis added).

5. Rule 21(e) provides: "The jury may return a verdict of guilty to the offense charged or to any offense *necessarily included* in the offense charged or an attempt to commit either the offense charged or an offense necessarily included therein." Utah R.Crim. P. 21(e) (1989) (emphasis added).

¶ 6 In *Baker*, this court discussed the evolution of the lesser-included offense doctrine in Utah. Although noting some confusion in the application of the doctrine, the opinion recognized that two distinct standards had developed to determine "when to instruct a jury regarding lesser included offenses." *Baker*, 671 P.2d at 154.

The first standard requires an analysis of the evidence offered at trial:

"One of the foundational principles in regard to the submission of issues to juries is that where the parties so request they are entitled to have instructions given upon their theory of the case; and this includes on lesser offenses *if any* reasonable view of the evidence would *support such a verdict.*" *State v. Gillian,* 23 Utah 2d 372, 374, 463 P.2d 811, 812 (1970) (emphasis added)....

The other standard frequently cited relies upon a comparison of the abstract *statutory* elements of the offenses. It states that "[t]he lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof." *State v. Woolman,* 84 Utah 23, 36, 33 P.2d 640, 645 (1934).

*Baker,* 671 P.2d at 154–55. *Baker* explained that "[w]hen considered in their original contexts, it becomes clear that these standards developed to protect different interests." *Id.* at 155. The statutory standard "is the older of the two standards":

At common law the jury was permitted to find the defendant guilty of any lesser offense *necessarily included* in the offense charged. This rule originally developed as *an aid to the prosecution* in cases in which the proof failed to establish some element of the crime charged. *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (citations omitted) (emphasis added). This is the "necessarily included offense" standard which is found in Utah R.Crim. P. 21(e) (codified at U.C.A., 1953, § 77–35–21(e)).... U.C.A., 1953, § 76–1–402(5) also refers to necessarily included offenses....

. . .

Thus, when the prosecution seeks instruction on a proposed lesser included offense, both the legal elements and the actual evidence or inferences needed to demonstrate those elements must *necessarily be included* within the original charged offense. *See* U.C.A., 1953, § 76–1–402(3)(a).... The offenses must be such that the greater cannot be committed without necessarily having committed the lesser.

*Baker,* 671 P.2d at 155–56. "Different concerns are raised when the defendant requests an instruction on a lesser included offense.... By having the jury instructed regarding a lesser included offense, the defendant is afforded the full benefit of the reasonable doubt standard." *Id.* at 156.

This is not to say that the defendant's right to a lesser included offense instruction is absolute or unqualified.... The defendant's right ... is limited by the evidence presented at trial. This limitation requires the application of the evidence-based standard discussed earlier, which is the appropriate basis for determining whether to instruct a jury regarding a lesser included offense at the defendant's request.

*Id.* at 157. *Baker* then tied this standard to the language found in section 76–1–402(3)(a) of the Utah Code and held that application of this standard "must therefore begin with the proof of facts at trial." *Id.* at 158. "[W]here two offenses are related because some of their statutory elements overlap, and where the evidence at the trial of the greater offense includes proof of some or all of those overlapping elements, the lesser offense is an included offense under subsection (3)(a)." *Id.* at 159.

¶ 7 Because *Baker* did not involve review of a prosecutor's request for a jury instruction on a lesser-included offense, its discussion of the standard applicable to such requests may technically be regarded as dicta. The court's statement in *Baker,* however, that "[w]e are now persuaded that the 'necessarily-included offense' standard should be limited to cases where the prosecution requests the instruction," was in fact an affirmation that the standard had been "correctly

used ... in *State v. Woolman*, [84 Utah 23, 33 P.2d 640 (1934) ] ..., *State v. Brennan*, [13 Utah 2d 195, 371 P.2d 27 (1962) ] ..., and *State v. Howell*, [649 P.2d 91 (Utah 1982) ]...." *Baker*, 671 P.2d at 156. Thus, the proper standard for assessing prosecution-requested jury instructions was confirmed, although not technically announced, in *Baker*. We are now asked by the State to revise that standard.

¶ 8 Prior to its repeal in 1989, section 77–35–21(e) of the Utah Code provided that a jury "may return a verdict of guilty to the offense charged or to any offense necessarily included in the offense charged or an attempt to commit either the offense charged or an offense necessarily included therein." Utah Code Ann. § 77–35–21(e) (1982 & Supp.1989). An earlier version contained similar language. *See id.* 77–33–6 (1978). Indeed, substantively similar statutes have been part of Utah's statutory code since the state's early days. *See Woolman*, 84 Utah at 34–36, 33 P.2d at 645; *State v. Anderton*, 69 Utah 53, 252 P. 280, 282 (1926).

¶ 9 When *Baker* was decided in 1983, chapter 35 of Title 77 of the Utah Code was entitled "Utah Rules of Criminal Procedure." In January 1989, pursuant to the 1984 amendment of Article VIII, section 4 of the Utah Constitution, this court adopted "all existing statutory rules of procedure and evidence contained in Utah Code Ann. §§ 77–35–1 to –33 (1982 & Supp.1988)." *In re Rules* (January 13, 1989) (per curiam). Effective July 1, 1990, the Utah Legislature reciprocally repealed all of chapter 35. *See State v. Dunn*, 850 P.2d 1201, 1210 n. 5 (Utah 1993) ("After we adopted these statutory rules as court rules, the legislature repealed the superfluous provisions effective July 1, 1990.") Although section 77–35–21(e) was among the provisions repealed, there is no indication that it received any particular attention in this process.

¶ 10 Even prior to 1989, however, rule 21(e) of the Utah Rules of Criminal Procedure provided that "[t]he jury may return a

verdict of guilty to the offense charged or to any offense necessarily included in the offense charged or an attempt to commit either the offense charged or an offense necessarily included therein." Utah R.Crim. P. 21(e) (1989). The rule was unchanged by *In re Rules* and contains the same language today. *See* Utah R.Crim. P. 21(e) (1999).

¶ 11 In light of this history, we conclude that the repeal of the statutory standard after its having been reaffirmed as a rule, without more, has no effect on the principles set forth in *Baker*. *See Dunn*, 850 P.2d at 1210 (recognizing that "[f]rom territorial days until 1980, Utah statutes expressly authorized this court to 'reverse, affirm or modify the judgment or order appealed from'"; that such "provision coexisted with section 76–1–402(5), implicitly relied on by the State ... in the instant case"; that such authority was affirmed in the 1980 enactment of section 77–35–28, which was adopted by the court in 1989 as rule 28 of the Utah Rules of Criminal Procedure; and that such authority continues under the rule despite the repeal of section 77–35–28).

¶ 12 The question thus becomes whether the principles in *Baker* remain good law as a policy matter, or ought to be revised. The State asserts that, under section 76–1–402(3)(a), the prosecution should be able to request an instruction on any lesser-included offense supported by the facts contained in the indictment, regardless of whether those facts constitute necessary elements of the offense actually charged. The State argues that this "charging instrument approach," *see People v. Novak*, 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762, 772 (1994), has been adopted in many states and preserves a defendant's constitutional right to adequate notice.[6]

■ ¶ 13 The principle that a prosecutor may only request instructions on those included offenses whose statutory elements are necessarily included within the statutory ele-

6. We note that some courts have also discussed an approach to lesser-included offenses called the "inherent relationship" approach. Instead of looking solely to the statutory elements of the offenses or even to the facts alleged in the indict-

ment or information, this approach "looks to the facts adduced at trial." *People v. Novak*, 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762, 770 (1994). The State does not advocate adoption of this approach.

ments of the charged offense has, as noted earlier, a long history in Utah. *See Anderton,* 252 P. at 281–83 (applying statute similar to that contained in current rule 21(e) of the Utah Rules of Criminal Procedure). Indeed, this court rejected the contention, "that the [prosecutor] may insert words in an information wholly unnecessary to the principal crime charged, and thereby charge another offense and insist upon a conviction for such offense, merely because it was included in the information." *Id.* at 282. Instead, we held that "'a defendant charged with one crime cannot be convicted of another and different crime, unless the allegations *necessary to* constitute the greater crime charged ... are also sufficient to constitute the lesser crime.'" *Id.* at 283 (citation omitted) (emphasis added). Otherwise, the State could, "'by alleging matters wholly immaterial to the description of the crime charged against the defendant, compel him to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged.'" *Id.* at 283 (citation omitted).

¶ 14 This principle, which was reaffirmed in *Baker,* has been consistently recognized and applied by Utah courts. *See, e.g., State v. Piansiaksone,* 954 P.2d 861, 869 (Utah 1998); *State v. Hansen,* 734 P.2d 421, 424 n. 5 (Utah 1986); *State v. Brown,* 694 P.2d 587, 589 (Utah 1984); *State v. Oldroyd,* 685 P.2d 551, 553 (Utah 1984); *State v. Day,* 815 P.2d 1345, 1348 (Utah Ct.App.1991).[7] We are not persuaded by the State's citations from other jurisdictions to abandon it.

¶ 15 In discussing the case law of other jurisdictions, the State focuses only on the language of section 76–1–402(3)(a), which states that an offense is "an offense included in the offense charged" if it "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Utah Code Ann. § 76–1–402(3)(a) (1995). The State ignores the "necessarily-included" language of rule 21(e) of the Utah Rules of Criminal Procedure. Thus, most of the cases the State cites do not address the potential constraints placed on language parallel to that of section 76–1–402(3)(a) by the "necessarily-included" language of rules similar to rule 21(e). *See, e.g., People v. Garcia,* 940 P.2d 357 (Colo.1997)[8]; *People v. Novak,* 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994); *Meriweather v. State,* 659 N.E.2d 133 (Ind.Ct.App.1995); *Perry v. Commonwealth,* 839 S.W.2d 268, 272–73 (Ky.1992). Furthermore, at least one of the states appears to take a position flatly contrary to Utah in its approach to defendant-requested instructions. *See, e.g., Jones v. State,* 438 N.E.2d 972, 975 (Ind.1982) (holding that prosecutor may foreclose defendant's ability to request instruction on lesser included offense that is not inherently included by the manner in which it drafts the information).

¶ 16 Moreover, most of the cases cited by the State are distinguishable because they do not specifically address prosecution-requested jury instructions; many even appear to contradict the State's position. Most of the cases do not even indicate whether the rules they set forth apply equally to both prosecution-requested and defendant-requested instructions. Thus, we cannot conclude that these jurisdictions have clearly adopted the position advocated by the State.[9]

¶ 17 Finally, we note that numerous other jurisdictions apply the same definition of included offense as that set forth in *Baker.*

> For purposes of due process notice, where the prosecution seeks an instruction on a lesser nonincluded offense of an offense charged, the court must examine the charging documents involved in the case at hand to determine if the offense *as charged* alleges the existence of a sentence enhancement factor which provides the defendant with sufficient notice of the lesser offense.
>
> *Garcia,* 940 P.2d at 364.

7. Although the State refers to language in *Howell,* 649 P.2d at 95 as supportive of its position, we note that we cited approvingly to *Howell* during our discussion in *Baker. See Baker,* 671 P.2d at 156.

8. In *Garcia,* although the court suggested that it was employing the "charging document" rule for identifying lesser-included offenses, the court actually justified its application of the rule by noting that the prosecution had included in the offense charged an enhancement element provided under the offense's defining statute and that it was this enhancement element that completed the elements necessary to establish the lesser offense:

9. *See McElhanon v. State,* 329 Ark. 261, 948 S.W.2d 89, 91 (1997) (reversing conviction for uncharged crime, stating that "[t]o find a lesser-included offense, there are three factors to consider: (1) the lesser offense must be established

See, e.g., State v. Lovelace, 212 Neb. 356, 322 N.W.2d 673, 675 (1982) ("In sum the lesser included offense is one all the elements of which are necessarily included in the greater."); State v. Shane, 195 W.Va. 369, 465 S.E.2d 640, 643 (1995) (stating "offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense" (internal quotation omitted)); State v. Moua, 215 Wis.2d 511, 573 N.W.2d 202, 205 (Ct.App.1997) ("A lesser included offense means that all the statutory elements of this offense can be demonstrated without proof of any fact or element in addition to those that must be proved for the greater offense."); State v. Keffer, 860 P.2d 1118, 1134 (Wyo.1993) (stating "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense" (internal quotation omitted)).

¶ 18 We remain convinced that the principles set forth in *Baker* accurately reflect the

by proof of the same or less than all the elements of the greater offense; (2) the lesser offense must be of the same generic class as the greater offense; and (3) the distinction between the two must be based upon the degree of risk or injury to person or property or upon grades of intent or degrees of culpability"); *State v. Willis*, 673 A.2d 1233, 1238 (Del.Super.Ct.1995) (applying broad definition of included offense *within double-jeopardy context* but noting, in any case, that provision providing that offense is included offense if "established by the proof of the same or less than all the facts required to establish" greater offense "is the equivalent of the federal *Blockburger* test," which emphasizes the elements of each offense); *Haynes v. State*, 249 Ga. 119, 288 S.E.2d 185, 186 (1982) (discussing lesser-included offense *within double jeopardy/merger context* ); *State v. Kupau*, 63 Haw. 1, 620 P.2d 250, 251–52 (1980) (stating that definition of included offense as one established by proof of the same or less than all facts required to establish offense charged reflects adoption of common law definition, under which "the lesser offense must not require some additional element not needed to constitute the greater offense and … it is impossible to commit the greater without committing the lesser"); *Meriweather*, 659 N.E.2d at 140–41 (holding that lesser-included offense was an "inherently lesser included offense" of the charged offense); *State v. Brown*, 950 S.W.2d 930, 931 (Mo.Ct.App.1997) (stating that "[i]n order for an offense to be a lesser included offense, the greater offense must encompass all the legal and factual elements of the lesser"); *State v. Greywater*, 282 Mont. 28, 939 P.2d 975, 978 (1997) (noting that the court "has previously focused on the statutory elements, not the facts of a given

correct operation of section 76–1–402 of the Utah Code and rule 21(e) of the Utah Rules of Criminal Procedure. The decision of the court of appeals is affirmed.

¶ 19 Justice STEWART and Justice ZIMMERMAN concur in Associate Chief Justice DURHAM's opinion.

Chief Justice HOWE concurring in the result:

¶ 20 I reluctantly concur in the result of the majority opinion because that result appears to be mandated by Utah Code Ann. § 76–1–402(3)(a). That section provides:

(3) A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to estab-

case, to decide what constitutes a lesser included offense for purposes of jury instructions"); *State v. Langan*, 410 N.W.2d 149, 152 n. 5 (N.D.1987) (setting forth statute similar to Utah Code Ann. § 76–1–402(3) but concluding that it need not, in that case, consider whether statute permits instructions for related but not necessarily included offenses); *Bell v. State*, 693 S.W.2d 434, 438 & n. 8 (Tex.Crim.App.1985) (stating, in review of denial *of defendant's requested instruction*, that proper relationship between offenses contemplated by statute providing that lesser included offenses are established by proof of same or less than all facts required to establish charged offense "concerns *elements* of the two offenses, not 'evidence adduced at trial' " (citation omitted)).

Perhaps the State's use of a New Jersey case provides the clearest example of the confusion remaining in this area. Specifically, the State cites to *State v. Graham*, 223 N.J.Super. 571, 539 A.2d 322 (Ct.App.Div.1988). Although *Graham* does appear to support the State's position, it recognizes the existing confusion among New Jersey courts on this issue. See *Graham*, 539 A.2d at 324 & n. 2 (holding that focus is on facts and not elements, but noting confusion among New Jersey courts on issue); *see also State v. Talley*, 94 N.J. 385, 466 A.2d 78, 82 (1983)(holding offense is not included offense where it includes element not included within offense charged); *State v. Jones*, 214 N.J.Super. 68, 518 A.2d 496, 499 (Ct.App.Div.1986) (rejecting lower court's holding that a fatal lack of congruence between elements of crime charged and crime convicted of is curable "if the indictment notices defendant").

lish the commission of the offense charged....

It is technically correct that proof of felony joyriding is not necessarily required in the proof of the crime of theft of a motor vehicle as the majority points out.

¶ 21 However, I believe that the "statutory elements" test contained in section 76–1–402(3)(a) is too rigid and should be repealed by the legislature and replaced with a more realistic test. In the instant case, the defendant was charged with the crime of theft, but in the charging documents, he was clearly accused of keeping the van for more than twenty-four hours after its scheduled return date. Thus, the defendant was put on full notice of all the facts that the prosecution could rely upon in proving felony joyriding.

¶ 22 In *State v. Howell,* 649 P.2d 91, 95 (Utah 1982), we remarked:

However, when evidence of a defendant's criminal conduct has been placed before a court of justice, even though that conduct has not been specifically charged, it would be a mockery of our criminal laws for a court to ignore a proved crime and acquit on the charged crime, when the defendant is not prejudiced in presenting a full and complete defense to the proved crime.

In accordance with that sentiment, I believe that the prosecution should be able to request an instruction on any lesser offense supported by the facts alleged in the indictment, regardless of whether those facts constitute necessary elements of the offense actually charged. This approach has been adopted in a number of states and is sometimes referred to as the "charging instrument" approach. It is exemplified by two cases cited in the majority opinion: *People v. Novak,* 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994) and *People v. Garcia,* 940 P.2d 357 (Colo.1997). This approach is more flexible than the statutory elements test imposed by section 76–1–402(3)(a) and avoids the absurd result reached in the instant case where the defendant cannot be found guilty of felony joyriding, although he was given full and complete notice in the charging documents that he unlawfully kept the van in his possession for more than twenty-four hours after it should have been returned to the rental company.

¶ 23 This "charging instrument" approach was followed in *People v. Garcia, supra.* In that case, the court held that under the statutory or strict elements test, first degree criminal trespass was not a lesser included offense of second degree burglary because first degree criminal trespass contains the element of entering the "dwelling of another" which is not an element of second degree burglary. However, where the defendant was charged with second degree burglary of a dwelling in the complaint and information, he had proper due process notice of the lesser non-included charge of first degree criminal trespass. It was held that the trial court did not err in instructing the jury on first degree criminal trespass over defendant's objection.

¶ 24 In conclusion, I believe that the "charging instrument" approach makes eminent sense and operates to hold a criminal defendant more responsible for his acts without encroaching upon his due process right to full and adequate notice of the unlawful conduct with which he is charged.

¶ 25 Justice RUSSON concurs in Chief Justice HOWE's concurring opinion.